IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD DUNBAR, #47739-177 § | | |
| Movant, § | | |
| § | | |
| v. § | | No. 3:18-cv-1521-D (BT) |
| § | | No. 3:15-cr-0433-D (BT) |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Ronald Dunbar, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny the motion.

I.

On May 13, 2016, Movant pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). (Crim. Doc. 32).[1] The District Court sentenced Movant to 57 month's imprisonment. (Crim. Doc. 27, 33). Movant filed a direct appeal, and the Fifth Circuit affirmed his conviction and sentence on March 14, 2018. *See United States v. Dunbar*,

---

[1] When referencing the docket, the Court will designate the Criminal Action No. 3:15-CR-433-D as "Crim. Doc."

714 F. App'x 463 (5th Cir. 2018). He did not file a petition for a writ of certiorari. (Doc. 1 at 3).

On June 12, 2018, the Court received Movant's timely-filed § 2255 motion. (Doc. 1). In his motion, Movant argues that the search of his home violated the Fourth Amendment, and that the Court erred in calculating his criminal history category. (*Id.* at 6). He additionally argues that his counsel provided ineffective assistance by failing to file a motion to suppress evidence found in the search and failing to object to his "incorrect Sentencing Guidelines." (*Id.*). On September 12, 2018, the government filed a response arguing Movant's claims are waived, procedurally barred, and lack merit. (Doc. 8). On September 25, 2018, Movant filed a reply. (Doc. 9).

## II.

Movant argues that his Fourth Amendment rights were violated by the warrantless search of his home which resulted in the discovery of firearms. (Doc. 1 at 12-15). Movant pleaded guilty without a plea agreement. (Crim. Doc. 7). "A plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction." *United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002). And a knowing and voluntary guilty plea "waives claims of governmental misconduct during the investigation and improper motives for prosecution" including claims of "searches and seizures that violate the Fourth Amendment." *Id.* at 286; *see also United States v. Bell*, 966 F.2d 914, 915

2

(5th Cir. 1992). Additionally, this waiver includes all claims of ineffective assistance of counsel, except those relating to the defendant's entry of a guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir.1983). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).

A review of the record reveals that Movant's guilty plea was knowing and voluntary. Movant signed a document entitled Elements and Punishment of the Offense and Factual Resume, in which he acknowledged the elements of his offense, as well as the possible maximum punishment for that offense. (Crim. Doc. 5 at 2). He also acknowledged the constitutional and civil rights he would be forfeiting and stipulated to the facts that constituted his crime. (*Id.* at 4-5). Finally, after acknowledging that he had reviewed the case thoroughly with his attorney, and was satisfied with his attorney's representation, Movant admitted that he was guilty of the crime charged in the indictment. (*Id.* at 6).

At the change of plea hearing, Movant stated that he had reviewed the indictment with his attorney, that he understood the nature of the charge against him, and that he was satisfied with his attorney's representation. (Crim Doc. 32 at 7-8). He further acknowledged that his guilty plea was not

3

a result of any promise, threat, or force by anyone and that he was voluntarily pleading guilty because he was in fact guilty. (*Id.* at 10). He also acknowledged that he was aware of the maximum penalty he faced for his conviction. (*Id.* at 12-13). Movant then pleaded guilty to the one-charge indictment and agree to the veracity of the Factual Resume. (*Id.* at 16-19). "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

Accordingly, Movant's knowing and voluntary guilty plea waives his pre-plea claim of a Fourth Amendment violation by the warrantless search of his home. *Cothran*, 302 F.3d at 286.

Even if Movant had not waived the Fourth Amendment issue, the issue could have been raised on direct appeal. It is well settled that a collateral challenge may not take the place of a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Id.* at 232. Movant could have raised his Fourth Amendment claim on direct appeal, but failed to do so. *See Dunbar*, 714 F. App'x at 465. And he has not shown either cause for his procedural default and actual prejudice resulting from the error, or demonstrated that the alleged violation probably resulted in the conviction

4

of one who is actually innocent. *Shaid*, 937 F.2d at 232. Thus, Movant's claim of an illegal search of his home is procedurally barred from review. *Id.*

### III.

Next, Movant argues that the Court erred in calculating his criminal history category, thus creating an incorrect sentencing guideline range. (Doc. 1 at 18-19). Like his Fourth Amendment claim, Movant could have but failed to raise this issue on direct appeal, *see Dunbar*, 714 F. App'x at 465, and fails to show either cause and actual prejudice or demonstrate that he is actually innocent. *Shaid*, 937 F.2d at 232. Thus, this claim is also procedurally barred from review. *Id.*

Even if the issue was not procedurally barred, it would not entitle Movant to relief. His argument attacks the Court's application of the advisory sentencing guidelines and he cannot raise this type of challenge in his Section 2255 motion. "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in [section] 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

Furthermore, the claim has no merit. The November 1, 2015 version of the Sentencing Guidelines was used in calculating Movant's Criminal History category. (*See* Crim. Doc. 11-1 at 6 § 20). Those Guidelines state:

5

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

U.S. Sentencing Guidelines Manual § 4A1.2(e)(1). Movant is challenging the use of two convictions in state Criminal Cause numbers 90-083 and 91-033/91-034. (Doc. 1 at 19). However, contrary to his argument, each of these convictions resulted in prison sentences that exceeded one year and one month and were completed on February 22, 2000. (Crim. Doc. 11-1 at 9-10 §§ 37, 38). Movant committed the instant offense on February 5, 2014, (crim. doc. 11-1 at 5 § 13), approximately fourteen years after completing his prison sentences for his prior convictions. Thus, the Presentence Report properly assigned three criminal history points to each of Movant's prior two convictions, pursuant to U.S.S.G. § 4A1.2(e)(1).

IV.

Movant avers that his counsel provided ineffective assistance by failing to file a motion to suppress the evidence obtained from the warrantless search of his home, and by failing to challenge an alleged erroneous sentence guideline range used in the Presentence Report and at the sentencing hearing. (Doc. 1 at 16-17). To succeed on a claim of ineffective assistance of counsel, a movant must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged

under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 690 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance of counsel. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981); *see also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984).

Secondly, movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The movant must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

Because, as explained above, his underlying argument regarding the search of his home is meritless, Movant's ineffective-assistance-of-counsel claim fails because he cannot demonstrate deficient performance or prejudice. Because Movant pleaded guilty, his counsel cannot be ineffective

7

for failing to file a pre-trial motion to suppress. *See Smith v. Estelle*, 711 F.2d at 682.

And Movant's claim of ineffective assistance for failing to challenge his sentencing guideline range is insufficient to warrant relief. He simply states that his counsel "failed to object to the erroneous PSR containing an incorrect Sentencing Guideline Range" and "failed to object at the Sentencing Proceeding to Dunbar being sentenced under an incorrect Sentencing Guideline Range." (Doc. 1 at 17). Movant provides no support from the record for this vague and conclusory claim. He does not identify what was erroneous about the sentencing guideline range, nor direct the Court to any evidence in the record to support this general claim. Presenting only "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

And to the extent Movant is re-urging that his criminal history points were incorrectly calculated and that his counsel was ineffective for failing to object on that basis, his argument fails. As with his previous ineffective assistance claim, his underlying argument regarding the calculation of his criminal history is meritless. As explained above, the Presentence Report did not contain an error in the calculation of his criminal history. Any objection by counsel on that ground would have been futile. Thus, Movant's ineffective-assistance-of-counsel claim fails because he cannot demonstrate

8

deficient performance or prejudice. Counsel is not ineffective by failing to make frivolous objections. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) (concluding that counsel is not required to make futile motions or frivolous objections); *United States v. Lewis*, 467 F. App'x 298, 299 (5th Cir.2012) (per curiam) (citing *United States v. Villegas–Rodriguez*, 171 F.3d 224, 230 (5th Cir.1999) (same as to meritless guideline objection)). Movant's claims of ineffective assistance of counsel should be denied.

V.

The Court should deny the § 2255 motion for failure to make a substantial showing of the denial of a federal right.

Signed November 14, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).